899 F.2d 14
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HEALTH CARE ASSOCIATION OF MICHIGAN, Michigan Non-Profit
Homes Association, Belding Christian Nursing Home, Law-Den
Nursing Home, Medilodge of Richmond, Inc. and Saginaw
Geriatrics Home, Plaintiffs-Appellees,
v.
DEPARTMENT OF SOCIAL SERVICES, C. Patrick Babcock and Kevin
L. Seitz, Defendants-Appellants.
 No. 89-1913.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and ANN ALDRICH, District Judge.*
 PER CURIAM:
 
 
 1
 Appellees, Health Care Association of Michigan, Michigan Non-Profit Homes Association, Belding Christian Nursing Home, Law-Den Nursing Home, Medilodge of Richmond, Inc. and Saginaw Geriatrics Home, sought declaratory and injunctive relief from the Department of Social Services, an agency of the State of Michigan, C. Patrick Babcock, its director, and Kevin L. Seitz, its director of Medicaid. The action was brought on behalf of Class I long-term care facilities in the state of Michigan that render services to nursing home Medicaid patients. Appellees alleged that the fiscal year 1989 Medicaid reimbursement rate plan, as it relates to payments made to long-term care facilities, violates Title XIX of the Social Security Act and the regulations promulgated thereunder by the United States Department of Health and Human Services. Specifically, appellees requested that appellants be enjoined from using a .25% fiscal year 1989 inflation factor in setting and paying Class I long-term care facility Medicaid payments rates. Appellees argued that this rate violates 42 U.S.C. Sec. 1396a(a)(13)(A) (the Boren Amendment), which states, in pertinent part:
 
 A State plan for medical assistance must
 
 2
 * * *
 
 
 3
 * * *
 
 
 4
 provide for payment ... of the hospital, skilled nursing facility, and intermediate care facility services provided under the plan through the use of rates (determined in accordance with methods and standards developed by the State) ... which the State finds, and makes assurances satisfactory to the Secretary, are reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable State and Federal laws, regulations, and quality and safety standards and to assure that individuals eligible for medical assistance have reasonable access ... to inpatient hospital services of adequate quality....
 
 
 5
 42 U.S.C. Sec. 1396a(a)(13)(A).
 
 
 6
 On July 14, 1989, the District Court issued an order preliminarily enjoining appellants and their agents from continuing to implement and to pay Medicaid rates to Class I nursing facilities based upon a forecast inflation factor of .25% for the fiscal year 1989. Further, the District Court ordered appellants to use, in the calculation and payment of Medicaid rates, "an applicable forecast inflation factor based upon the Nursing Home Cost Index and taking proper account of relevant economic trends and conditions as determined by the defendant Department of Social Services." Joint App. at 146.
 
 
 7
 Appellees filed a notice of appeal of the preliminary injunction. Their emergency application for stay of the preliminary injunction was denied by the District Court. However, a divided panel of this Court issued the requested stay. The majority of the panel found that the trial court focused almost exclusively on the inadequacy of the .25% inflation factor, whereas the case law indicates that one arbitrary or inadequate component should not invalidate a scheme that produces a result that is adequate overall.
 
 
 8
 Appellants first argue that the District Court abused its discretion by failing to invoke the doctrine of primary jurisdiction which would defer judicial review pending imminent and potentially dispositive federal agency determination. This issue has been rendered moot by the Department of Health and Human Services' approval of the proposed Medicaid plan amendment incorporating the .25% forecast inflation factor.
 
 
 9
 We turn then to whether the court below properly granted the injunction. This Court's standard of review involves a determination of whether the trial court's decision was an abuse of discretion. NAACP v. City of Mansfield, Ohio, 866 F.2d 162, 166 (6th Cir.1989) (citing Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir.1977)). There are four elements that must be considered and balanced in determining whether to issue a preliminary injunction. These factors are: (1) whether the movant has shown a substantial likelihood of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction.
 
 
 10
 The District Court weighed the first factor most heavily in granting the preliminary injunction. For the same reasons enunciated by the panel of this Court that issued the stay of the preliminary injunction, we find that the District Court abused its discretion in finding a substantial likelihood of success on the merits. The trial court's oral findings indicate that the court focused almost exclusively on the inadequacy of the .25% inflation factor and that this was improper. Indeed in denying the motion of emergency stay, the District Court stated, "the injunction is premised upon the preliminary finding that the forecast inflation factor of .25% is arbitrary, bearing no relationship in fact to 'the costs which must be incurred by efficiently and economically operated facilities' ...," and that "the Court has expressed no opinion regarding the adequacy of current Medicaid reimbursement rates...." One inadequate component does not invalidate a scheme that produces a result that is adequate overall. See Colorado Health Care Ass'n v. Colorado Dep't of Social Servs., 842 F.2d 1158, 1167 (10th Cir.1988) ("To terminate or affect one component, even if only for reasons of budgetary consideration, does not automatically produce a noncompliant payment. It is the resulting overall payment which is evaluated for statutory compliance."); Wisconsin Hospital Assoc. v. Reivitz, 733 F.2d 1226, 1233 (7th Cir.1984). Since the District Court did not make any finding regarding the inadequacy of the total rates and expressly stated it has expressed no opinion about them, it had no basis on which to conclude that the appellees were likely to succeed in their claim that the overall proposed payment was inadequate. Thus we find that the District Court improperly issued the preliminary injunction. Accordingly we VACATE the District Court's order granting the preliminary injunction.[1]
 
 
 
 *
 The Honorable Ann Aldrich, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Appellants also argue that the District Court's preliminary injunction fails to preserve the status quo. Because we have found that the District Court abused its discretion in granting the preliminary injunction, we need not reach this issue